IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Patricia Lee Greenway,      )<br>                              )<br>            Plaintiff,    )<br>                              )<br>    vs.                       )<br>                              )<br> Ivan J. Toney, Esq., Kim R. Varner, )<br> Esq., James Weston Segura, Esq., )<br> Nela Laughridge, A. H. Skardon, )<br> T. T. Thompson, Jack Dye,     )<br>                              )<br>            Defendants.   )<br>                              ) | Civil Action No. 6:05-1736-GRA-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the motions to dismiss filed by defendants Toney, Laughridge, Varner and Segura pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The plaintiff, who is proceeding *pro se*, brought this action alleging violation of her civil rights.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

### BACKGROUND

On May 23, 2005, the plaintiff went to defendant Toney's office in Greenville, South Carolina, for the purpose of picketing him (am. compl. ¶ III). Defendant Toney shares office space with defendants Varner and Segura. While picketing, the plaintiff was approached first by "a lady" and then by defendant Varner, who both asked her to leave (am. compl. ¶ III). The police were called, and officer A.H. Skardon informed the plaintiff

that she could be charged with trespassing if she did not leave voluntarily (am. compl. ¶ III). The plaintiff complied with the request and departed shortly thereafter (am. compl. ¶ III).

The plaintiff went to the Law Enforcement Center on May 23 and May 24, 2005, to file criminal charges against defendants Laughridge and Varner. She claims that Jack Dye refused to let her file a report. She also claims that T.T. Thompson "signed off" on the police report prepared by Officer Skardon on May 23, 2005, and told the plaintiff that "she would stand behind her police officers" (am. compl. ¶ III).

The plaintiff filed this action on June 17, 2005, alleging claims of violation of "my Civil Rights 6th and 14th Amendment . . . conspiracy with public officials in a violation of my civil rights and under state tort law for malicious prosecution" (am. compl. ¶ III). In her initial complaint, she sought relief from five defendants – Ivan J. Toney, Esq., Kim R. Varner, Esq., James Weston Segura, Esq., Jane Doe and Law "Inforcement" Center (compl. ¶ II).

On August 16, 2005, defendants Toney and Nela Laughridge (who had been sued as Jane Doe) filed motions to dismiss the complaint pursuant to Rule 12(b)(6) based upon their contention that the plaintiff has failed to state a claim for which relief can be granted. By order filed that same day, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the dismissal procedure and the possible consequences if she failed to adequately respond to the motions. The plaintiff filed a response in opposition to these motions on August 22, 2005.

On August 26, 2005, defendants Segura and Varner filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) based upon their contention that the plaintiff has failed to state a claim for which relief can be granted. By order filed on August 29, 2005, pursuant to *Roseboro*, the plaintiff again was advised of the dismissal procedure and the possible consequences if she failed to adequately respond to the motions. The plaintiff filed a response in opposition to this motion on September 1, 2005.

2

A hearing was held by this court on September 14, 2005, to address various nondispositive motions, including the plaintiff's motion to amend her complaint to "dismiss" the Law "Inforcement" Center as a defendant and to add A. Skardon, T.T. Thompson and Jack Dye as defendants and to correctly identify defendant "Jane Doe" as Nela Laughridge. This motion was granted, and the plaintiff filed an amended complaint on September 15, 2005.

## ANALYSIS

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

This court is required to construe *pro se* complaints and petitions liberally. Such *pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-418 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

### *Defendants Toney and Segura*

The plaintiff has named Ivan J. Toney, Esq., and James Weston Segura, Esq., as defendants in this action. She fails, however, to make any allegation or reference to conduct by or at the direction of either defendant Toney or defendant Segura other than "all were involved in lies" (am. compl. ¶ III). This conclusory allegation does not constitute actionable conduct. Indeed, she has alleged no facts in her complaint which, if true, state a claim as a matter of law against either defendant. Accordingly, the complaint should be dismissed against defendants Toney and Segura. *See Harper v. United States*, 423 F.Supp. 192, 196 (D.S.C. 1976).

### *Section 1983*

To state a claim under §1983,[1] a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *Parratt v. Taylor*,

---

[1] 42 U.S.C. §1983, provides in pertinent part:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress.

451 U.S. 527, 535 (1981) (*overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-331 (1986)). "The under-color-of-state-law element of §1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (*quoting Blum v. Yaretsky*, 457 U.S. 991 (1982)); *Haavistola v. Community Fire Co.*, 6 F.3d 211, 215 (4th Cir.1993) (same).

Here, the plaintiff alleges that her rights under the First, Sixth and Fourteenth Amendments were violated. She does not allege, however, that defendants Toney, Laughridge, Varner or Segura were employed by the State or otherwise acting on behalf of the State. *See Nunez v. Horn*, 72 F.Supp.2d 24 (N.D.N.Y. 1999). Consequently, the plaintiff has neither alleged nor shown that these defendants acted under the color of state law in this case. Accordingly, the plaintiff fails to state a §1983 claim against defendants Toney, Laughridge, Varner, and Segura.

### *Civil Conspiracy*

The plaintiff further alleges that the defendants "conspir[ed] with public officials in a violation of my civil rights" (compl. ¶ III). Accordingly, the plaintiff appears to allege violation of 42 U.S.C. §1985 which provides in pertinent part:

> If two or more persons conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; . . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. §1985(3).

> In order to state a claim under §1985(3), the plaintiff must allege and prove four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*United Bhd. of Carpenters & Joiners of Am. v. Scott*, 463 U.S. 825, 828-29 (1983). Here, even construing her complaint liberally as the court is required to do, the plaintiff fails to allege a meeting of the minds among the defendants to deprive her of a constitutionally protected right or any act in furtherance of such a conspiracy. *See Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263 (1993); *McDowell v. Jones*, 990 F.2d 433 (8th Cir. 1993). Indeed, "a private person does not conspire with a state official merely by invoking an exercise of the state's official authority." *Tarkowski v. Robert Barlett Realty Co.*, 644 F.2d 1204, 1208 (7th Cir. 1980). Accordingly the plaintiff fails to state a claim of civil conspiracy under §1985(3) against any defendant.

***Malicious Prosecution***

The plaintiff also appears to allege a claim for malicious prosecution under "state tort law" (compl. ¶ 3). To establish a claim for malicious prosecution under South Carolina law, a plaintiff must allege:

> (1) institution or continuation of original judicial proceedings, either civil or criminal;
> (2) by, or at the instance of , the defendants;
> (3) termination of such proceedings in plaintiff's favor;
> (4) malice in instituting the proceedings;
> (5) lack of probable cause; and
> (6) resulting injury or damage.

*Jordan v. Deese*, 452 S.E.2d 838, 839 (S.C. 1995); *Gaar v. North Myrtle Beach Realty Co.*, 339 S.E.2d 887 (S.C. Ct. App. 1986).

6

Conspicuously absent from the complaint here is any allegation of the institution or continuation of any judicial proceedings against the plaintiff by the defendant. Although she alleges that someone called the police, she does not allege that she was arrested or otherwise charged with any criminal violation as a result of her picketing. Indeed, apart from a general claim that she was injured by the defendants' conduct, the plaintiff fails to allege any of the elements necessary to establish malicious prosecution. Thus, her allegations fall woefully short of stating a claim for malicious prosecution.

## **CONCLUSION AND RECOMMENDATION**

Based upon the foregoing, it is recommended that the motions to dismiss filed by defendants Toney, Laughridge, Varner and Segura be granted.

WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

September 16, 2005

Greenville, South Carolina